### No. 9456.

### FRIKKER v. MORRISON.

JUSTICE OF THE PEACE—*Cause Certified to District Court—Trial.* A cause certified from a justice to the District Court, is tried, in all respects as one originally instituted in the District Court.

*Action of wrongful detainer.* Defendant claiming under a purchaser from plaintiff who was a mortgagee of the premises. The purchaser's contract had been cancelled for failure to comply with its terms. A judgment directing the sale of the premises was affirmed. The allowance of a period of redemption was held more than defendant was entitled to.

*Error to Denver District Court, Hon. John H. Denison, Judge.*

*Department One.*

Mr. GEORGE B. CAMPBELL, for plaintiff in error.

Mr. F. D. TAGGART and Mr. S. S. ABBOTT, for defendant in error.

Opinion by Mr. Justice Teller.

DEFENDANT in error began an action in forcible detainer in a justice court, which was afterwards certified to and tried by the District Court.

The complaint alleged ownership of certain real estate in the plaintiff, a contract of sale of it to one Dillow, and a contract of sale by Dillow to the defendant, demand of possession, refusal, etc.

The answer alleged ownership in defendant, and alleged that plaintiff was simply a mortgagee of the premises.

Plaintiff had judgment for possession, the decree providing that the real estate be sold to foreclose the right of defendant under her contract with Dillow, with a prescribed period for redemption.

It should be added that Dillow's contract with plaintiff had been cancelled because of the failure of Dillow to make the payments required; but this cancellation did not take place until after defendant had purchased such rights as Dillow had by his contract of purchase.

The judgment is attacked on the ground that the court had no jurisdiction to foreclose the contracts of purchase in an action begun in the justice court. Illinois cases are cited to that effect, but they are not in point, since our statute, Sec. 2608, R. S. 1908, provides that when cases are so certified they shall be tried in all respects as if originally begun in the court to which they have been certified.

In any event, defendant by answer having alleged that the relation between plaintiff and defendant was that of mortgagee and mortgagor, is hardly in position to complain that the cause was tried on his announced theory.

Plaintiff in error was given more than was required by the strict rules of practice, in that she had allowed her a period of redemption.

Finding no error in the judgment, it is affirmed.

Chief Justice Garrigues and Mr. Justice Burke concur.